UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROGER STUBL,

                Plaintiff,                Case No. 2:07-cv-252

v.                                            Honorable R. Allan Edgar

DEAN CAROLYN et al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff shall pay the initial partial filing fee when funds are available. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff, Roger Stubl, is currently incarcerated at the Baraga Maximum Correctional Facility (AMF). In December 2006, while incarcerated at the Chippewa Correctional Facility (URF), Plaintiff underwent dental surgery. Plaintiff developed an oral infection. After x-rays were taken, the decision was made to remove all of Plaintiff's teeth. Plaintiff was transferred to the Marquette Branch Prison (MBP), where the dental extractions were performed. Plaintiff's gums failed to heal properly, and for two months he suffered from the pain. Plaintiff eventually removed broken teeth particles from the lower left section of his gums. He informed the dental assistant that he had removed the particles from his gums and wrote several complaint letters. Because Plaintiff's gums were deformed as a result of the unsatisfactory extractions, the upper and lower dentures he received did not fit properly. Although the dentures were returned two or three times, they were never successfully corrected. The dentist trimmed the dentures and ground their surface, to no avail. The ill-fitting dentures interfere with Plaintiff's speech and ability to eat. By letter directed to Dean Carolyn, the regional director at MBP, Plaintiff complained of the situation, and advised that he may file a malpractice claim. Dean Carolyn did not respond.

Plaintiff brings this suit against Dean Carolyn, URF dentist Dr. (Unknown) Owens, MBP dentist Pam Austin, and dental assistant Joanne D. Clark. For relief, he seeks damages of $350,000, cosmetic surgery to repair his deformed gums, and new dentures.

II.        Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).  Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed.  *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

> III. <u>Personal Involvement</u>

Plaintiff alleges that Defendant Carolyn failed to respond to his letter of complaint.  A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability.  *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (quoting *Monell v. Department of Social Services*, 436 U.S. 658 (1978)).  As the Sixth Circuit has repeatedly emphasized:

> Section 1983 liability will not be imposed solely upon the basis of respondeat superior.  There must be a showing that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it.  At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate.

*Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 81 (6th Cir. 1995) (citing *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)); *accord Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Walton v. City of Southfield*, 995 F.2d 1331, 1340 (6th Cir. 1993); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989).  Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act."   *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir.1998)).  Plaintiff

has failed to demonstrate that Defendant Carolyn engaged in any unconstitutional behavior. Accordingly, he fails to state a claim against Defendant Carolyn.

### IV. Eighth Amendment - medical care

Plaintiff claims that Defendants violated the Eighth Amendment by denying him proper dental care. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical

> malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake*, 537 F. at 860 n.5; *see also*, *Brock v. Crall*, No. 00-5914, 2001 WL 468169, at *2 (6th Cir. Apr. 27, 2001); *Jones v. Martin*, No. 00-1522, 2001 WL 223859, at *1 (6th Cir. Feb. 28, 2001); *Williams v. Mattson*, No. 99-1796, 2000 WL 924145, at *1 (6th Cir. June 28, 2000); *Davis v. Ulep*, No. 97-2124, 1999 WL 98390, at *1 (6th Cir. Jan. 29, 1999); *Cain v. Huff*, No. 96-1613, 1997 WL 377029, at * 4 (6th Cir. July 2, 1997); *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at * 2 (6th Cir. Apr. 4, 1997). Therefore, "[w]hen a prison doctor provides treatment, albeit carelessly or inefficaciously, to a prisoner, he has not displayed a deliberate indifference to the prisoner's needs, but merely a degree of incompetence which does not rise to the level of a constitutional violation." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

Plaintiff was in need of dental surgery, and upper and lower dentures. He received the surgery at URF, and later, when the need arose, more extensive dental surgery at MBP. While one, or both, of the procedures may have been performed negligently, the dental staff responded to his need for oral surgery. Plaintiff also received upper and lower dentures. When he complained that they did not fit properly, the dental staff returned them two or three times for corrections, and

finally attempted to alter the dentures by scaling and grinding so they would be more comfortable. Plaintiff has, at most, alleged that the Defendant dentists were negligent. However, he has failed to allege facts that, if proven, would rise to the level of deliberate indifference in order to support an Eighth Amendment claim. Accordingly, I conclude that Plaintiff has failed to state an Eighth Amendment claim.

## Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

 /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 27, 2008

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).